UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 1:22-cr-00090-SEB-KMB |
| | ) | |
| KYREE BRICE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Jeremy C. Fugate, Assistant United States Attorney, hereby submit this Sentencing Memorandum in advance of the hearing presently scheduled for August 9, 2023. For the reasons stated in this Memorandum, the United States respectfully requests that the Court sentence the defendant to a guideline sentence and a term of imprisonment of 204 months.

## I.     **DEFENDANT'S CRIMINAL CONDUCT**

On June 17, 2022, Indianapolis Metropolitan Police officers responded to a report involving a suspicious vehicle. (PSR ¶ 7). When officers arrived, they noticed the defendant was in the vehicle, was non-responsive, and observed a firearm in his immediate vicinity. (PSR ¶ 8). Officers were eventually able to wake the defendant and have a conversation with him. (PSR ¶ 9). During the conversation, the defendant admitted that he possessed the firearm and admitted that he knew he was a felon. *Id.* A subsequent investigation confirmed that the defendant was a felon and revealed that the defendant's firearm was stolen. (PSR ¶ 9-10).

1

## II.     AN OBSTRUCTION OF JUSTICE ENHANCEMENT IS APPROPRIATE IN THIS CASE

The Sentencing Guidelines impose an obstruction of justice enhancement if the defendant willfully obstructed, impeded, or attempted to obstruct or impede the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction, any relevant conduct, or was closely related to the offense.  U.S.S.G § 3C1.1.

The enhancement is appropriate when the defendant willfully attempts to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense. *United States v. Polland*, 994 F.2d 1262, 1269 (7th Cir. 1993). An obstruction of justice enhancement is appropriate when a defendant testifies falsely at his own trial concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *United States v. Williams*, 272 F.3d 845, 864 (7th Cir. 2001). Furthermore, an obstruction of justice enhancement is appropriate where the trial judge weighed the testimony of the defendant against that of others and determined that the defendant's testimony lacked credibility. *United States v. Singleton*, 40 F. App'x 222, 224 (7th Cir. 2002). Finally, the Seventh Circuit has noted that when a defendant decides to take the stand and tell the jury a story, he does so at his own risk, for if he commits perjury, the court may, at the time of sentencing, enhance his sentence for obstructing justice. *United States v. Stenson*, 741 F.3d 827, 831 (7th Cir. 2014).

Here, the defendant decided to testify during his trial. During direct examination, he stated that he did not possess the firearm that was at issue in this case. However, during cross

examination, the defendant admitted that he possessed the firearm.[1] Furthermore, the defendant

admitted on video that he possessed the firearm at the time of his arrest. (PSR ¶ 9).  Thus, the

defendant perjured himself during his direct examination and an enhancement for obstruction of

justice is appropriate.

```
20    Q.  Was it your gun?
21    A.  No, sir.
22    Q.  Did you know whose gun it was?
23    A.  No, sir.
24    Q.  Okay.  Now, you said that you possess the gun.  Did you
25    ever possess that gun?
```

```
                                             6
1    A.  No, sir.
2    Q.  At no time?
3    A.  No, sir.                          Exhibit 1
```

```
21    Q.  What you are saying is that gun is not your gun?
22    A.  Yes, sir.
23    Q.  You never possessed that gun?
24    A.  No, sir.
25    Q.  And you never knew the gun was in that car?
```

```
                                             7
1    A.  Never knew.
2    Q.  The first time you saw the gun was when you woke up and it
3    was light outside?
4    A.  Yes, sir.                          Exhibit 2
```

---

[1] Exhibits 1-3 are from the trial transcript filed at docket number 88.

```
1    You said that you carried the gun.  You said that in the video,

2    right?

3    A.  Yes, sir.

4    Q.  And you said you carried that gun for protection, right?

5    A.  I believe so.

6    Q.  And you actually asked them to just take the firearm,

7    didn't you?

8    A.  I believe so.

9    Q.  That "if you could take the firearm and let me go," that

10   would be your preferred outcome?

11   A.  I believe so.  I did say that.

12   Q.  And you also said that you were only carrying the gun for

13   protection, you wouldn't hurt anybody?

14   A.  Yes, sir.

15   Q.  And, in fact, you were compliant that whole time?

16   A.  Uh-huh.

17   Q.  So you didn't have that gun in your possession for anything

18   else but to protect yourself, right?

19   A.  Yes, sir.                                        Exhibit 3
```

### III.    18 U.S.C. § 3553(A) FACTORS

The § 3553(a) factors support a sentence of 204 months. Such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

a. <u>Nature and Circumstances of the Offense</u>

This case involves a felon in possession of a firearm in the Indianapolis area, as described above. Here, the defendant knew he was a felon with six separate convictions involving armed robbery and still chose to possess a stolen firearm. (PSR ¶ 9). Even more concerning, the defendant obtained the stolen firearm less than one year after being released from his latest incarceration. (PSR ¶ 28).

This is not the first time that the defendant has been convicted of an offense involving a firearm. Moreover, this defendant has a history of violence and using firearms in a violent manner. Thus, the fact that he possessed a stolen firearm is deeply concerning. More concerning, is the fact that the defendant has not accepted responsibility for his actions and perjured himself at trial.

The facts in this case establish that the defendant is a danger to the community and has not learned the right lessons from his prior interactions with the criminal justice system. Instead, this defendant has learned to become a more sophisticated criminal and obstruct justice. Whereas, he has not learned that his actions have a substantial and harmful impact on the community.

Thus, a sentence of 204 months is necessary to account for the serious nature of the offense and circumstances surrounding the offense.

b. <u>History and Characteristics of the Defendant</u>

The defendant's lengthy criminal history shows a repeated disregard for the law.  The defendant's criminal history began at the age of twelve with theft and burglary convictions. (PSR ¶ 26-27). The defendant continued to disregard the law and his adult criminal history began at the age of 18. On April 6, 2016, the defendant was convicted of five counts of Interference with

Commerce by Robbery and one count of Attempted Interference with Commerce by Robbery. (PSR ¶ 28). The defendant's history shows that he is a violent person and establishes that all his adult felony convictions involve force, threats, intimidation, or firearms.

A further review of the defendant's history demonstrates that he is also not willing to comply with court orders and that he tested positive for marijuana, failed to make restitution, failed to report to his probation officer, and failed to report for rehabilitative sessions. (PSR ¶ 28). The defendant's criminal history exhibits a total lack of respect for the law, for rehabilitative programs, and for public safety. Additionally, the defendant has shown no sign of diminishing his criminal activity as he ages. Instead, he continues to escalate his criminal conduct and hone the methods he uses to impede and deter law enforcement.

Thus, a sentence of 204 months would sufficiently account for the defendant's history and violent characteristics.

c. <u>Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment</u>

As previously discussed, this is a serious offense. The danger and harm created by a violent armed career criminal possessing a firearm in the Southern District of Indiana is well-known. The sentence in this case carries with it a sentencing guideline maximum penalty of life imprisonment, which shows Congress' concern for this type of offense. The need to promote respect for the law is important. The defendant's conduct illustrates his repeated disregard for the law, both in his extensive previous criminal history and his conduct in this case.

Thus, a sentence of 204 months would sufficiently account for the seriousness of the crime.

d.   The Need for Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

The defendant's prior terms of imprisonment, which ranges from probation to incarceration, have failed to deter him from continuing to commit crimes. Furthermore, his criminal behavior has escalated from theft to crimes involving armed robberies using firearms. Finally, we have reached the point where this violent armed career criminal possesses a stolen firearm. This is especially concerning because we don't know why he worked so hard to obtain that stolen firearm or what he planned to do with it.

Thus, a sentence of 204 months is necessary to keep the public safe from the defendant and to adequately deter him and others with similar criminal histories from committing crimes in the future.  His history of violence, intimidation, and his disregard for the law, establish that he is a continued danger to the public and that incarceration is necessary to protect the public.

e.   The Need to Provide the Defendant with Needed Training, Care, or Other Correctional Treatment

The defendant's history shows a need for both treatment and training.  A sentence of 204 months would give the defendant the opportunity to obtain vocational training, which would assist him in obtaining gainful employment upon his release. Additionally, anger management and mental health treatment would be beneficial, and the proposed sentence of 204 months would allow the defendant time to address these concerns while obtaining treatment and training.

f.   The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 204 months is necessary to avoid unwarranted sentencing disparities in this matter. The defendant is an armed career criminal who is not afraid to obstruct justice in order to avoid accepting responsibility for his actions. Given the nature of the crimes the defendant has committed throughout his adult criminal history, he would have still been incarcerated, but for

the lenient sentence given to him by the court in his prior case.  With that in mind, a sentence of 204 months would deter the defendant from future criminal conduct and be a sentence on par to similarly situated individuals in this and other cases.

Thus, a 204-month sentence would avoid any unwarranted sentencing disparities.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court impose a sentence of 204 months imprisonment.

### IV.    <u>CONCLUSION</u>

Based on the foregoing, the United States respectfully requests that the Court sentence the defendant to a guideline sentence of 204 months imprisonment.

Respectfully Submitted,

Zachary A. Myers
United States Attorney

By:  /s/ Jeremy C. Fugate
Jeremy C. Fugate
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 26, 2023, the foregoing Government's Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:    <u>s/ Jeremy C. Fugate</u>
Jeremy C. Fugate
Assistant United States Attorney